UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAHSAUN WASHINGTON,

                  Petitioner,

-against-

S. WALKER, Warden at R.N.D.C. C-74,

                  Respondent.

1:22-CV-6565 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

       On July 6, 2022, the Court received from Maurice Mayo, then a pretrial detainee held on Rikers Island, a *pro se* petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. *See Mayo v. Walker*, ECF 1:22-CV-5810, 1. Mayo brought this petition on behalf of himself and other detainees; Petitioner Jahsaun Washington signed the petition. By order dated July 29, 2022, the Court severed, under Rule 21 of the Federal Rules of Civil Procedure, Petitioner Washington's and other detainees' *habeas corpus* claims from *Mayo*, 1:22-CV-5810, and directed the Clerk of Court to open new separate civil actions for Petitioner Washington's and other detainees' *habeas corpus* claims. As a result of that order, the Clerk of Court opened this civil action for Petitioner Washington's *habeas corpus* claims.

       On August 3, 2022, the Court directed Petitioner Washington to either pay the $5.00 filing fee to bring this action or complete, sign, and submit an *in forma pauperis* ("IFP") application. On August 18, 2022, the Court received Petitioner Washington's IFP application, which the Court granted on September 15, 2022. (ECF 4-5.)

       For the reasons discussed below, the Court: (1) recharacterizes the petition as brought under 28 U.S.C. § 2241, (2) provides Petitioner Washington the opportunity to withdraw the petition, and (3) grants Petitioner Washington 60 days' leave to file an amended petition.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

**BACKGROUND**

The petition, which was prepared by Maurice Mayo, and signed by, among other detainees, Petitioner Washington, asserts that they are being held illegally. The petition asserts that:

> every court in New York City are committing fraud. They are illegally waiving our constitutional right to a grand jury and holding us on <u>A Superior Court Information</u> in violation of C.P.L. 195.20(D) Paragraph II which is a direct violation of the United States Constitution 5th and 14th Amendments. Lawyers are violating all ethic codes including the 6th Amendment that guarantees the people an effective assistance of counsel. Instead, they are conspiring with the district attorneys to violate all of our Constitutional rights, and infringing & circumventing due process of the law.

(ECF 1, at 2-3.)[1] The petition asserts that the detainees' custody is illegal because they are being held pursuant to a "Superior Court Information," and that their constitutional right to a grand jury was violated when the requirement for an indictment was waived. The petition refers to New York Criminal Procedure Law § 195.20(d), which states that:

> [a] waiver of indictment shall be evidenced by a written instrument, which shall contain the name of the court in which it is executed, the title of the action, and the name, date and approximate time and place of each offense to be charged in the superior court information to be filed by the district attorney pursuant to section 195.40. The offenses named may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to sections 200.20 and 200.40. The written waiver shall also contain a statement by the defendant that he is aware that: . . . (d) the superior court information to be filed by the district attorney will have the same force and effect as an indictment filed by a grand jury.

The petition further asserts that the detainees' lawyers are conspiring with the District Attorney's Office to deny their rights, presumably by agreeing to the detainees' waiver of indictment.

Attached to the petition is Petitioner Washington's criminal case docket report, which indicates that officers from the New York City Police Department arrested Petitioner Washington on August 6, 2018, and that his criminal case is pending in New York Supreme Court, Kings County. (*Id.* at 37.) Specifically, it shows that a "true bill" was presented on December 18, 2019, and that Petitioner Washington was not "arraigned." (*Id.* at 39.) It also shows that Petitioner Washington pleaded not guilty on December 19, 2019. (*Id.*)

Publicly available court records indicate that Petitioner Washington's most recent court date was on October 25, 2022, and his next court appearance is scheduled for October 26, 2022. *See People v. Washington*, No. IND-03313-2018 (N.Y. Supt. Ct., Kings Cnty.).

---

[1] Quotations from the petition are verbatim, including spelling, grammar and added emphasis.

## DISCUSSION

**A.      Pretrial *habeas corpus* relief**

Petitioner Washington seeks *habeas corpus* relief under Section 2254, which is the vehicle to challenge the constitutionality of an individual's custody after an individual has been convicted in a state court and sentenced to serve a term of imprisonment. *See Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). For those individuals who have yet to be sentenced, a petition brought under 28 U.S.C. § 2241 is the vehicle to challenge the constitutionality of pretrial detention. *See Hoffler v. Bezio*, 726 F.3d 144, 151 n.5 (2d Cir. 2013) (assuming without deciding that a Section 2241 petition is the proper vehicle for a state prisoner in custody awaiting a retrial); *see, e.g.*, *Taylor v. NYC*, No. 20-CV-5036, 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490 (1973)).

**B.      Designation as a petition brought under 28 U.S.C. § 2241**

For the reasons stated above, the Court finds that Petitioner Washington's petition should be construed as brought under Section 2241. If Petitioner Washington does not want to pursue relief under Section 2241, he may notify the Court in writing within 60 days that he wishes to withdraw the petition. *See Simon v. United States*, 359 F3d 139, 140, 143-44 (2d Cir. 2004) (holding that federal district courts must provide notice and opportunity to withdraw before recharacterizing a motion as brought under Section 2241).[2] If Petitioner Washington does not

---

[2] Petitioner Washington may choose not to proceed with this Section 2241 petition because a second or successive Section 2241 petition of this sort might trigger the second or successive petition restrictions of the Antiterrorism and Effective Death Penalty Act. *See Simon*, 359 F.3d at 143-44.

inform the Court of his intent within 60 days, the petition will be designated as a petition under Section 2241.

C.     **Exhaustion of state court remedies**

Before seeking Section 2241 *habeas corpus* relief in the federal courts, a petitioner first must exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Here, Petitioner Washington challenges the waiver of indictment in his ongoing state court criminal proceedings. Generally, such a challenge should be raised in those proceedings.[3] *See, e.g.*, *People v. Baez*, 20 Misc. 3d 906, 916 (N.Y. Sup. Ct., N.Y. Cnty. 2008) (granting defendant's motion to withdraw his guilty plea, dismissing the superior court information, and vacating the waiver of indictment). This petition, however, does not allege any fact showing that Petitioner Washington (or his lawyer, on his behalf) filed any motions in his state court criminal proceedings challenging his waiver of indictment; the publicly available record also shows that none have been filed. *See Washington*, No. IND 03313-2018. Thus, before this Court may even consider whether federal court intervention in his state court criminal proceedings is appropriate,[4] Petitioner Washington first must raise this ground in his ongoing state court proceedings.

---

[3] This ground also may be raised post-conviction, on appeal. *See, e.g.*, *People v. Colon-Colon*, 169 A.D.3d 187, 188 (4th Dep't 2019) ("The law demands strict and literal compliance with the constitutional and statutory framework for waiving indictment. That did not occur here. The superior court information must therefore be dismissed."), *leave to appeal denied*, 33 N.Y.3d 975 (2019).

[4] Where a petitioner asks a court to intervene in pending state court criminal proceedings, courts generally deny such a request under the *Younger* doctrine, unless a petitioner can show

### D. Leave to amend petition

Petitioner Washington proceeds in this matter without the benefit of an attorney. Moreover, while Petitioner Washington signed the petition, it appears that he did not draft it, as it does not include facts specific to his criminal proceedings. As federal district courts generally grant a self-represented party an opportunity to amend, unless amendment would be futile, *see Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), the Court finds that it would not be futile to grant Petitioner Washington leave to submit an amended petition. Should Petitioner Washington decide to file an amended petition, he must state his grounds for relief and detail the steps he has taken to exhaust his grounds in his ongoing criminal proceedings, and where necessary, in the Appellate Division, Second Department, and in the New York State Court of Appeals. If he is unable to exhaust his grounds in the state courts, he must state facts describing the reasons why he is unable to do so. Petitioner Washington is advised that an amended petition will completely replace the original petition.

## CONCLUSION

The Court recharacterizes this petition as brought under 28 U.S.C. § 2241. Petitioner Washington shall have 60 days to inform the Court whether he intends to withdraw this petition.

The Court also grants Petitioner Washington 60 days to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office, be captioned as an "Amended Petition," and bear the same docket number as this order. Once submitted, the amended petition will be reviewed, and if proper, the case will be

---

special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

reassigned to a District Judge in accordance with the procedures of the Clerk's Office. If Petitioner Washington fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, his petition will be denied.

An order to answer will not issue at this time.

An Amended Petition Under 28 U.S.C. § 2241 form is attached to this order

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 26, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge